UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRONCO'S ENTERTAINMENT, LTD., et. al.,

    Plaintiff(s),          Case No.: 99-CV-70197-DT

                    HON. JOHN CORBETT O'MEARA
vs.                   MAG. JUDGE WALLACE CAPEL, JR.

CHARTER TOWNSHIP OF VAN BUREN
et. al.,

    Defendant(s).
_____/

## REPORT AND RECOMMENDATION

**I.   INTRODUCTION**

This matter is before the Court on the Defendant Charter Township of Van Buren and Plaintiff's cross motions for attorney fees and costs, pursuant to 42 U.S.C. § 1988.

**II.   LAW**

42 U.S.C. § 1988 provides that on cases brought pursuant to § 1983, "the court, in its discretion, may allow the prevailing party. . . .a reasonable attorney's fee as part of the costs. . . .42 U.S.C. § 1988(b).  With respect to attorney's fees awarded to defendants in civil rights actions, the Sixth Circuit has observed that "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to a truly egregious case of misconduct." Jones v. Continental Corp., 789 F.2d 1225, 1232 (6th Cir. 1986).  Attorney's fees may be awarded to prevailing defendants under § 1988 only when the plaintiff's suit "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment

Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694 (1978).  However, in contrast, attorney's fees are almost always awarded to prevailing civil rights plaintiffs except where special circumstances exist. *See* Smith v. Smythe-Cramer Co., 754 F.2d 180, 182 (6th Cir. 1985).  Awarding attorney's fees to prevailing defendants in civil rights actions in only the most extreme and egregious cases of misconduct, yet awarding attorney fees to prevailing civil rights plaintiffs on a regular basis under § 1988 comports with the purpose of § 1983 as a vehicle for the enforcement of civil rights and prevents defendants. . . .who often times are in a superior position simply by virtue of being able to afford top legal counsel. . . .from using a heavy hand to prevent plaintiffs with potentially meritorious claims from pursuing those claims.  *See* York v. Ferris State University, 36 F.Supp.2d 976, 980-983 (W.D. Mich. 1998).

### III.    ANALYSIS

####    A.    Defendant

Defendant claims that attorney fees and costs should be awarded because Plaintiff was unreasonable to pursue its claims on appeal, after the district court ruled on Defendant's favor on all issues.  Defendant argues that the District Court's rulings put Plaintiff on notice that the claims lacked merit.  Defendant asserts that lack of merit is established by the fact that it previaled on the merits on every issue on appeal.  Clearly, Defendant is the prevailing party in this case.  However, the fact that Plaintiff lost his case on the merits is not in itself a sufficient justification for assessment of fees.  *See* Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173 (1980).  The standard for awarding attorney fees to a prevailing defendant is a stringent one.  Id. at 14.  Thus, the Sixth Circuit has observed that "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to a truly egregious case of misconduct."  Jones, at 1232.

To be awarded attorney fees, Defendant must establish that Plaintiff's suit was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. Christiansburg Garment at 421. Plaintiff should not be assessed Defendant's attorney fees unless the Court finds the claims were groundless at the outset or "where the plaintiff continued to litigate after it clearly became so." Id. at 422.

Plaintiff filed this action against the Defendant and the Michigan Control Commission because he believed that certain licensing and zoning regulations adapted by Defendants violated the First and Fourteenth Amendments to the United States Constitution.

Defendant has not established that Plaintiff's claims were groundless at the outset, or that they ever became so. Defendant can find no support for that position in the language of the district court and Sixth Circuit opinions, so instead relies on the fact of prevailing on the merits. Defendant's argument is flawed, however, because losing on the merits does not equate to groundless, unreasonable, or without foundation, as noted by Justice Stewart in Christiansburg Garment:

> We would qualify their words only by pointing out that the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. *See also* Riddle v. Egensperger, 266 F.3d 542 (6th Cir. 2001).

Simply put, this is not the type of egregious case which supports the award of attorney fees to Defendant.

**B.     Plaintiff**

Plaintiff argues for an award of attorney fees as the prevailing party because portions of the Defendant's licensing ordinance were struck down. 42 U.S.C. § 1983 provides that a court may

3

grant attorney fees to "the prevailing party." The Supreme Court has limited the term "prevailing party" to a party who obtains either "a judgment on the merits" or a "court-ordered consent decree." Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Services, 532 U.S. 598, 600, 121 S.Ct. 1835 (2001). In order to "prevail," and thus, become eligible for attorney fees, a party must have obtained a "judicially sanctioned change in the legal relationship of the parties." Id. at 605. To be a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 401 U.S. 424, 433, 103 S.Ct. 1933 (1983).

Plaintiff in this case is not entitled to attorney fees because he is not the prevailing party. He failed to prevail on any significant issue in this case. Plaintiff lost on the merits on all issues in the district court and only succeeded on having two portions of an ordinance severed from the whole. The entire ordinance was not struck down.

Simply put, Plaintiff has not obtained a judicially sanctioned change in the legal relationship of the parties, or even established that a legal relationship exists.

### III.  CONCLUSION

For the reasons stated above, it is respectfully recommended that the cross motions for attorney fees and costs be **DENIED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely

file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

S/Wallace Capel, Jr.
**WALLACE CAPEL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**Date:**  January 10, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: David J. Szymanski, 2000 Town Center, Suite 900, Southfield, Michigan 48075-1100, and Robert D. Horvath, 3250 W. Big Beaver Road, Suite 342, Troy, Michigan 48084.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):  Carl B. Downing, 2000 Town Center, Suite 900, Southfield, Michigan 48075-1100, and Craig A. Rolfe, 132 W. South Street, Suite 500, Kalamazoo, Michigan 49007-4781.

                                                  s/James P. Peltier
                                                  United States District Court
                                                  Flint, Michigan 48502
                                                  810-341-7850
                                                  E-mail:   pete_peltier@mied.uscourts.gov