BRONCO'S ENTERTAINMENT, LTD. AND
RAWSONVILLE LAND COMPANY, INC.,

    Plaintiffs,      Case No. 99-70197

vs.

             HONORABLE JOHN CORBETT O'MEARA
CHARTER TOWNSHIP OF VAN BUREN,  HONORABLE STEVEN D. PEPE

    Defendant.
_____/

## REPORT AND RECOMMENDATION

  Plaintiffs' renewed motion for attorney fees (Dkt. #239) was referred to the undersigned for a report and recommendation. For the reasons stated below, IT IS RECOMMENDED that Plaintiffs' motion be GRANTED IN PART, with attorney fees and costs awarded as follows: $166, 263 to Attorney Horvath and $13,064.05 to Attorney Davis.

## I. ANALYSIS

  Plaintiff's seek an award of attorney fees "based on their respective lodestar amounts", which amounts to $575, 520.14 for services provided by Attorneys Horvath and Davis (Dkt. #259, p. 3).[1]

  While it is true that the Sixth Circuit remanded the issue of attorney fees saying that Plaintiffs are the "prevailing party" on two issues, prevailing party status "brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'" *Hensley v.*

---

[1] The "lodestar" method utilizes the number of hours reasonably devoted to each case multiplied by the reasonable hourly fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002).

*Eckerhart*, 461 U.S. 424, 433 (1983).[2]  Indeed, the Court of Appeals remanded the matter so that this Court could calculate the appropriate fee award (Dkt. #258, pp. 9-10)("the Plaintiffs are prevailing parties with respect to two of the issues and no others.  . . . .  This matter is REMANDED to the district court to calculate the appropriate fee award.).

In determining whether and, if so, by what amount to reduce the lodestar amount presented by Plaintiffs the following questions were considered:

**Were excessive, redundant and/or vague billings included in the lodestar calculation?**

The starting point for the determination of a reasonable fee is the calculation of the lodestar amount.  *See Hensley,* 461 U.S. at 433.  In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims.  *See id.* at 433-35, 440, 103 S.Ct. 1933, *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).  "Hours may be cut for duplication, padding, or frivolous claims" by the "arbitrary but essentially fair approach of simply deducting a small percentage of the total hours." *Northcross v. Bd. of Educ. of Memphis City Sch.,* 611 F.2d 624, 636-37 (6th Cir.1979); *see also Hensley,* 461 U.S. at 436-37, 103 S.Ct. 1933.  And, the party seeking attorneys fees bears the burden of documenting his entitlement to the award. *See Webb v. Dyer County Bd. of Educ.,* 471 U.S. 234, 242 (1985).

The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. Particularly apt is the

---

[2] Defendants maintain that Plaintiffs were not actually prevailing parties.  Yet the arguments presented in support of this theory, (a.) that there has been no alteration in the legal relationship between the parties and (b.) Plaintiffs' success in the 6th Circuit was granted on bases other than those argued by Plaintiffs, were unsuccessfully argued before the 6th Circuit (Dkt. #258, pp. 7-8).  Therefore, they will not be reexamined here.

commentary by Chief Judge Lumbard of the Second Circuit, in modifying the district court's award of fees in *In re Hudson & Manhattan R.R. Co.*, 339 F.2d 114, 115 (2d Cir.1964):

> [A]ny attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent. Lawyers are well aware that ... they are valued principally on the basis of time required. There is no excuse for an established law firm to rely on estimates made on the eve of payment and almost entirely unsupported by daily records or for it to expect a court to do so.

*United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 502, fn 2 (6th Cir. 1984).

In *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999), a school desegregation case, the Sixth Circuit upheld the district court's reduction of requested attorney fees by 20% for one attorney and 50% for another, on the finding that the prevailing party had "individually failed to prove by a preponderance of evidence entitlement to the payment they seek." The district court in *Reed* concurred with the comments of the Legal Advisory Commission on Attorneys Fees, noting that "a meaningful assessment of applicants' work effort is frustrated in this proceeding by the inadequate non-informative amended billing records that do not permit a reviewing court to identify distinct claims and the issues addressed, assess the necessity for multiple counsel, and distinguish between redundant, unnecessary, and duplicated work effort versus the proper utilization of time." *Id.*

In *Black v. Lojac Enterprises, Inc.*, 1997 WL 377051, *3 (6th Cir. 1997), the Sixth Circuit upheld the district court's award of $25,424.12 in attorney fees, reduced from the $193, 282.34 requested. The district court had found that "many of the time entries failed to even identify the general subject matter involved, documented with such vague descriptions as 'research,' 'pick-up,' 'revised form,'" and 'office conference.' " *Id.* The Sixth Circuit agreed and found that entries simply titled "research" made it impossible to discern whether the research was directed at claims on which the party had prevailed or claims on which he had not. "Thus, such entries clearly provide little guidance in ascertaining the

purpose of the work during the time claimed and do not merit an award. *Hensley,* 461 U.S. at 437, n. 12 ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.")." *Id.*

In the present case the bills presented contain numerous entries with unexplained abbreviations, seemingly excessive time entries and entries with vague unattributable descriptors. For instance, Attorney Horvath's time records include at least ten unidentified and not readily discernable abbreviations – turning an analysis of the billing statement into something of a riddle or an exercise in code breaking. Further, the time records contain many vague and/or excessive billings. As an example:

Dkt. #236, Ex. 2 – Billing for Attorney Horvath

        7/14/1999 - "research & review . . ." 6.8 hours

        8/16-8/17/1999 – 7.5 hours for "file review . . . "

        1/6/2000 – "various items, pcs/faxes"

        5/5 - 5/8/2000 – 21 hours for "file review for hrg"[3]

        5/10-5/18/2000 – 47.2 hours for "prep for hrg"

        7/31- 8/9/2000 – 45.1 hours for hearing preparation

        11/6-12/1/2000 – 150.4 hours for "Appeal work"

        10/28/2003 - 1/19/2004 – 145.3 hours to research, draft and revise a brief

---

[3] A hearing took place on 5/8/2000, in which Plaintiff's motion for a protective order to was denied (Dkt. #144). Plaintiffs sought a protective order to compel Defendant's expert, Richard Carlisle, to appear for a deposition in Plaintiffs' counsel's office. Plaintiffs argued that an earlier deposition of Mr. Carlisle was ended by Plaintiffs' counsel when defense counsel interrupted by cuing the witness, providing unsolicited information and proffering unwarranted objections.

2/19-3/30/2004 – 56.6 hours to write the reply brief, including 10.3 hours
of file review and 10.1 hours for "pagination"!

Dkt. #236, Exh. 1 – Billing for Attorney Horvath after last appeal

10/7- 10/10/2005 – 5 hours to *review* Defendant's third Motion for attorney fees,
a 4 page document

Dkt. #236, Exh. 2 – Billing for Attorney Davis

12/9/99 – "D open"

6/30/03 – "What to do about O'Meara (Robert D. Horvath)"

These are by no means an exhaustive list of the unexplained or excessive billings contained in the

submitted records.  Yet these entries do represent a large enough percentage of the billing to undermine

the confidence in the accuracy of the overall submission.

## **Are the claims presented distinct or interrelated?**

Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his
successful claims, the hours spent on the unsuccessful claim should be excluded in considering
the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has
won substantial relief should not have his attorney's fee reduced simply because the district court
did not adopt each contention raised. But where the plaintiff achieved only limited success, the
district court should award only that amount of fees that is reasonable in relation to the results
obtained.

*Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).

Attorney's fees may be awarded for unsuccessful claims as well as successful ones, where they are

" 'inextricably intertwined' and 'involve a common core of facts or are based on related legal theories.'

" *Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1183 (2d Cir.1996) (quoting *Dominic v. Consolidated*

*Edison Co. of New York,* 822 F.2d 1249, 1259 (2d Cir.1987)) (alteration omitted).  *See also Harper v.*

*BP Exploration & Oil, Inc.* 3 Fed.Appx. 204, *207, 2001 WL 92139, **3 (6th Cir. 2001) (citing *Reed*

and *Dominic*).

Further, pursuant to the *Hensley* analysis, "the attorney seeking compensation retains the burden of documenting the number of hours spent on the case and of maintaining records in a way that would allow a court to determine how much time was spent on each claim. *See Hensley,* 461 U.S. at 437, 103 S.Ct. 1933", *Moore v. Freeman*,355 F.3d 558, 565-566 (6th Cir. 2004).

Plaintiffs' claims can be summarized by looking to their proposed findings of fact and conclusions of law (Dkt. #197):

a. The Township's amended zoning regulations contravene the First Amendment because they effectively preclude adult entertainment (i.e., there are insufficient alternate avenues of communication because there are no viable commercial sites), and/or because the amendments are not narrowly tailored to further significant governmental interests. ( Issue 1 )

b. The Township's regulations (the zoning and business-license components), including those approval factors inherent in the process, violate the First Amendment because they function as unlawful prior restraints, giving unbridled discretion to decision makers? ( Issue 2 ).

c. The MLCC statutory procedure for licensing topless activity (entertainment) violate the First Amendment because it functions as an unlawful prior restraint, giving unbridled discretion to decision makers. ( Issue 3 addressed by MLCC counsel only).

d. The Township's moratorium on site plan development violate the First and Fourteenth Amendments, which unlawfully stopped Plaintiffs plans prior to the amendment of the Township's regulations . (Issue 4).

Plaintiff appealed the dismissal of these claims to the Sixth Circuit and the Court ruled:

We are not persuaded that the township's site plan and special approval requirements operate as prior restraints that violate the First Amendment. Nor are we persuaded that the

Liquor Control Commission's requirement of a "topless activity permit" affects this case [since it applies only in counties with a population of 95,000 or less, and Wayne County (where Van Buren is located) has more than 95,000 people].

We are satisfied, moreover, that the township's geographic restrictions on sexually oriented businesses (zoning ordinance) are aimed at the secondary effects of such businesses, are narrowly tailored to serve a substantial governmental interest, and leave open alternate channels for erotic expression. . . . . And, we see nothing unconstitutional about a 182-day land use moratorium adopted by the township; the moratorium was put in place for a proper purpose and not for suppression of plaintiffs' speech.

We conclude however, that the township's system of licensing sexually orientated businesses is unconstitutional insofar as it authorizes denial of a license without providing for accelerated judicial review. . . . . we are compelled to and invalidate the discretionary-denial feature of the licensing ordinance [§§ 22-403 (i)(7) and 22-403(j)]. The rest of the ordinance will be left intact.

(Dkt. # 232, p. 3)

On appeal from the denial of attorney fees the Sixth Circuit found that Plaintiffs were prevailing parties in that they had been successful in obtaining "an enforceable judgment barring the application of two of the provisions in the Township's licensing ordinance" (Dkt. #258, pp. 6-7), referring to §§22-403(i)(7) and (j). The question is, then, whether the work conducted and arguments posed supporting these successful claims can be segregated from the remaining, unsuccessful claims.

The billing records submitted by Plaintiffs' counsel provide little if any guidance as to the time spent on each issue in this matter, and it cannot be said that all matters were inextricably linked. Further, the results obtained are good but not excellent.

**Do the results obtained justify the lodestar award?**

The lodestar may be adjusted based on several factors, including in particular the "results obtained," *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. When, unsuccessful claims are related to the successful ones, then the court must ask "did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.*

" '[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of

success obtained.' " *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (quoting *Hensley,* 461 U.S. at 436, 103 S.Ct. 1933). Where a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee; if a plaintiff obtains "limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained." *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933.

*Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005).

In *Kentucky Restaurant Concepts Inc. v. City of Louisville*, 117 Fed.Appx. 415, 2004 WL 2756966 (6th Cir. 2004). The Sixth Circuit upheld a 35% reduction in the lodestar amount based on the district court's conclusion that the appellants obtained a "good" but not an "excellent" result. *Id. at* 420-422. The district court had reasoned that the "attacks on the substantive and procedural aspects of the ordinance were distinct issues calling for distinct remedies and held that ' "[w]hile Plaintiffs did end up with a permanent injunction in their favor, the Court's ruling represents less than a complete victory.' " *Id.* As here, the district court had upheld the substantive provisions of the ordinance but the *Louisville* Court enjoined the entire statute due to the unconstitutional aspects of the inspection and licensing requirements, where here only the unconstitutional provisions were struck, pursuant to the statute's severability clause.

In *Louisville*,

[t]he district court pointed out that had the appellants prevailed on the challenges to the substantive provisions of the ordinance, the City would have had a much harder time reinstating the ordinance. Because only the procedural aspects of the ordinance were constitutionally defective, the City could have easily drafted a subsequent ordinance comporting with the court's order and rendering the substantive provisions enforceable.

The Sixth Circuit held that *Hensley* supported the

trial court's reduction in the fee amount: "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." [*Hensley*] 461 U.S. at 436, 103 S.Ct. 1933. The appellants, though they received the desired relief, were not successful on all of their claims. It was not outside the range of reasonable discretion for the

district court to characterize the appellants' claims as "distinctly different" and "based on different facts and legal theories." *Id.* at 434, 103 S.Ct. 1933. Also, the across-the-board reduction as opposed to excising specific hours is permissible, considering there is "no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37, 103 S.Ct. 1933.

*Id.*

## II.  CONCLUSION

For the reasons stated above Plaintiffs' counsels' bills should be reduced as follows:

Attorney Horvath – (a.) 35% for excessive and vague billings, (b.) 10% due to a failure to provide sufficient information to determine what amount of time was spent on issues on which Plaintiffs did not prevail and which were not interrelated to successful issues and (c.) 25% for the good but not excellent result achieved.    Result - $165,348 attorney fees + $915 costs = $166,263

Attorney Davis – (a.) 10% for vague billings, (b.) 10% due to a failure to provide sufficient information to determine what amount of time was spent on issues on which Plaintiffs did not prevail and which were not interrelated to successful issues and (c.) 25% for the good but not excellent result achieved.    Result - $12,688 attorney fees + $376 = $13,064.05

## III.  RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED that Plaintiffs' motion be GRANTED IN PART, with attorney fees and costs awarded as follows: $166, 263 to Attorney Horvath and $13,064.05 to Attorney Davis.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all

the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829

F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be

served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party

may file a response. The response shall be not more than twenty (20) pages in length unless by motion

and order such page limit is extended by the Court. The response shall address specifically, and in the

same order raised, each issue contained within the objections.


| Dated: June 25, 2007                          s/Steven D. Pepe_____
Flint, Michigan                                United States Magistrate Judge

### Certificate of Service

I hereby certify on <u>June 25, 2007,</u> I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:<u> Hugh M.Davis, Jr., Robert D. Horvath, Linda P. McDowell, David J. Szymanski,</u> and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:<u> Carl B. Downing, 2000 Town Center, Ste. 900, Southfield, MI 48075-1100, Craig A. Rolfe, 132 W. South St., Ste. 500,</u>

<u>Kalamazoo, MI 49007-4781</u>

<u>s/James P.Peltier</u>
Courtroom Deputy Clerk
U. S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peltier@mied.uscourts.gov